IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVO NORDISK INC. and )
NOVO NORDISK A/S, )
                               )
          Plaintiffs, )
                               )
       v. )    C.A. No. _____
                               )
TEVA PHARMACEUTICALS, INC. (f/k/a )
TEVA PHARMACEUTICALS )
DEVELOPMENT, INC.) and TEVA )
PHARMACEUTICALS USA, INC., )
                               )
          Defendants. )

## COMPLAINT

Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), by their undersigned attorneys, for their Complaint against Defendants Teva Pharmaceuticals, Inc. (f/k/a Teva Pharmaceuticals Development, Inc.) and Teva Pharmaceuticals USA, Inc. (collectively, "Teva"), allege:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Teva's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA"), by which Teva seeks approval to market a generic version of Novo Nordisk's pharmaceutical product Saxenda® prior to the expiration of United States Patent Nos. 7,762,994 (the "'994 patent"), 8,114,833 (the "'833 patent"), 8,684,969 (the "'969 patent"), 8,920,383 (the "'383 patent"), 9,108,002 (the "'002 patent"), 9,132,239 (the "'239 patent"), 9,457,154 (the "'154 patent"), 9,616,180 (the "'180 patent"), 9,687,611 (the "'611 patent"), 9,775,953 (the "'953 patent"), 9,861,757 (the "'757 patent"), 9,968,659 (the "'659 patent"), 10,220,155 (the "'155 patent"),

10,357,616 (the "'616 patent"), 10,376,652 (the "'652 patent"), 11,097,063 (the "'063 patent), and RE46,363 (the "'363 patent") which cover *inter alia*, Saxenda® and/or its use.

## THE PARTIES

2.      Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

3.      Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, and has its principal place of business at Novo Allé, 2880 Bagsværd, Denmark.  NNI is an indirect, wholly-owned subsidiary of NNAS.

4.      On information and belief, Defendant Teva Pharmaceuticals, Inc. (f/k/a Teva Pharmaceuticals Development, Inc.) is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, New Jersey 07054.  Upon information and belief, Teva Pharmaceuticals, Inc. (f/k/a Teva Pharmaceuticals Development, Inc.) was incorporated in Delaware on October 23, 2020, under File Number 3960741.  Upon information and belief, Teva Pharmaceuticals Development, Inc. filed a name amendment on or around June 23, 2021 to change its name to Teva Pharmaceuticals, Inc.  On information and belief, Teva Pharmaceuticals, Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

5.      On information and belief, Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, New Jersey 07054.  On information and belief, Teva Pharmaceuticals USA, Inc. is in the business of making and selling

generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants Teva Pharmaceuticals, Inc. (f/k/a Teva Pharmaceuticals Development, Inc.) and Teva Pharmaceuticals USA, Inc. by virtue of, *inter alia*, their presence in Delaware, being Delaware corporations; having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court; having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g., Exelixis, Inc. v. Teva Pharm. Dev., Inc.*, No. 21-871-RGA, D.I. 13 (D. Del. Aug. 27, 2021)); and having engaged in systematic and continuous contacts with the State of Delaware.

8.     On information and belief, Teva intends to sell, offer to sell, use, and/or engage in the commercial manufacture of Teva's Product, directly or indirectly, throughout the United States and in this District.  Teva's filing of Teva's ANDA confirms this intention and further subjects Teva to the specific personal jurisdiction of this Court.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

10.     On July 27, 2010, the United States Patent and Trademark Office issued the '994 patent, entitled "Needle Mounting System and a Method for Mounting a Needle Assembly," a copy of which is attached to this Complaint as Exhibit A.  NNAS is the owner of all right, title, and interest in the '994 patent.

11.     On February 14, 2012, the United States Patent and Trademark Office issued the '833 patent, entitled "Propylene Glycol-Containing Peptide Formulations Which are Optimal for Production and for Use in Injection Devices," a copy of which is attached to this Complaint as Exhibit B.  NNAS is the owner of all right, title, and interest in the '833 patent.

12.     On April 1, 2014, the United States Patent and Trademark Office issued the '969 patent, entitled "Injection Device with Torsion Spring and Rotatable Display," a copy of which is attached to this Complaint as Exhibit C.  NNAS is the owner of all right, title, and interest in the '969 patent.

13.     On December 30, 2014, the United States Patent and Trademark Office issued the '383 patent, entitled "Dose Mechanism for an Injection Device for Limiting a Dose Setting Corresponding to the Amount of Medicament Left," a copy of which is attached to this Complaint as Exhibit D.  NNAS is the owner of all right, title, and interest in the '383 patent.

14.     On August 18, 2015, the United States Patent and Trademark Office issued the '002 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit E.  NNAS is the owner of all right, title, and interest in the '002 patent.

15.     On September 15, 2015, the United States Patent and Trademark Office issued the '239 patent, entitled "Dial-Down Mechanism for Wind-Up Pen," a copy of which is attached to this Complaint as Exhibit F.  NNAS is the owner of all right, title, and interest in the '239 patent.

16.     On October 4, 2016, the United States Patent and Trademark Office issued the '154 patent, entitled "Injection Device with an End of Dose Feedback Mechanism," a copy of which is attached to this Complaint as Exhibit G.  NNAS is the owner of all right, title, and interest in the '154 patent.

17.     On April 11, 2017, the United States Patent and Trademark Office issued the '180 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit H.  NNAS is the owner of all right, title, and interest in the '180 patent.

18.     On June 27, 2017, the United States Patent and Trademark Office issued the '611 patent, entitled "Injection Device with Torsion Spring and Rotatable Display," a copy of which is attached to this Complaint as Exhibit I.  NNAS is the owner of all right, title, and interest in the '611 patent.

19.     On October 3, 2017, the United States Patent and Trademark Office issued the '953 patent, entitled "Dose Mechanism for an Injection Device for Limiting a Dose Setting Corresponding to the Amount of Medicament Left," a copy of which is attached to this Complaint as Exhibit J.  NNAS is the owner of all right, title, and interest in the '953 patent.

20.     On January 9, 2018, the United States Patent and Trademark Office issued the '757 patent, entitled "Injection Device with an End of Dose Feedback Mechanism," a copy of which is attached to this Complaint as Exhibit K.  NNAS is the owner of all right, title, and interest in the '757 patent.

21.     On May 15, 2018, the United States Patent and Trademark Office issued the '659 patent, entitled "Liraglutide in Cardiovascular Conditions," a copy of which is attached to this Complaint as Exhibit L.  NNAS is the owner of all right, title, and interest in the '659 patent.

22.     On March 5, 2019, the United States Patent and Trademark Office issued the '155 patent, entitled "Syringe Device with a Dose Limiting Mechanism and an Additional Safety Mechanism," a copy of which is attached to this Complaint as Exhibit M.  NNAS is the owner of all right, title, and interest in the '155 patent.

23.     On July 23, 2019, the United States Patent and Trademark Office issued the '616 patent, entitled "Injection Device with an End of Dose Feedback Mechanism," a copy of which is attached to this Complaint as Exhibit N.  NNAS is the owner of all right, title, and interest in the '616 patent.

24.     On August 13, 2019, the United States Patent and Trademark Office issued the '652 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit O.  NNAS is the owner of all right, title, and interest in the '652 patent.

25.     On August 24, 2021, the United States Patent and Trademark Office issued the '063 patent, entitled "Syringe Device with a Dose Limiting Mechanism and an Additional Safety Mechanism," a copy of which is attached to this Complaint as Exhibit P.  NNAS is the owner of all right, title, and interest in the '063 patent.

26.     On April 11, 2017, the United States Patent and Trademark Office issued the '363 patent, entitled "Dial-Down Mechanism for Wind-Up Pen," a copy of which is attached to this Complaint as Exhibit Q.  NNAS is the owner of all right, title, and interest in the '363 patent.

## SAXENDA®

27.     NNI holds approved New Drug Application No. 206321 (the "Saxenda® NDA") for Saxenda® (liraglutide recombinant) Solution Injection, 18 mg/3 ml (6 mg/ml), which NNI sells under the trade name Saxenda®.

28.     The claims of the patents-in-suit cover, *inter alia*, Saxenda® and/or its use.

29.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, and '363 patents

are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Saxenda®.

**TEVA'S ANDA**

30.     On information and belief, Teva submitted ANDA No. 214568 ("Teva's ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of Liraglutide Injection, 18 mg/3 ml (6 mg/ml) ("Teva's Product").

31.     On information and belief, Teva's ANDA refers to and relies upon the Saxenda® NDA and contains data that, according to Teva, demonstrate the bioequivalence of Teva's Product and Saxenda®.

32.     By letter to NNI and NNAS, dated October 12, 2021 (the "First Notice Letter"), Teva stated that Teva's ANDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '659 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Teva's Product (the "First Paragraph IV Certification").  Teva attached a memorandum to the First Notice Letter in which it purported to allege factual and legal bases for its First Paragraph IV Certification.

33.     By letter to NNI and NNAS, dated November 11, 2021 (the "Second Notice Letter")[1], Teva stated that Teva's ANDA had been amended to include certifications pursuant to

---

[1] The Second Notice Letter was sent on behalf of "Teva Development, Inc.," while the First Notice Letter had been sent on behalf of "Teva Pharmaceuticals Development, Inc."  Both notice letters reference ANDA No. 214568.  A search of the Delaware Division of Corporations does not show any record of an entity by the name of "Teva Development, Inc."  By email dated December 10, 2021, counsel for Novo Nordisk contacted the individual identified in Teva's offers of confidential access seeking clarification.  As of the date of filing of this Complaint, counsel for Novo Nordisk have received no response.  Based on publicly available records and the information made available to Novo Nordisk by Teva to date, "Teva Development, Inc." has not been named as a Defendant.  Novo Nordisk reserves the right to seek to amend this Complaint to name additional entities as Defendants in view of any additional information provided by Teva (including but not limited to any correction to the Second Notice Letter), information produced as discovery in this case, or otherwise.

21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '155, '616, '652, '063, and '363 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Teva's Product (the "Second Paragraph IV Certification").  Teva attached a memorandum to the Second Notice Letter in which it purported to allege factual and legal bases for its Second Paragraph IV Certification.  NNI and NNAS file this suit within 45 days of receipt of the Second Notice Letter.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 7,762,994

34.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-33 of this Complaint.

35.     Teva has infringed the '994 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '994 patent.

36.     Claims 1-8 of the '994 patent are directed to a mounting system for mounting two different needle arrangements.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '994 patent would infringe claims 1-8 of the '994 patent.

37.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '994 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '994 patent expires.

38.     Novo Nordisk has no adequate remedy at law.

39.     Teva was aware of the '994 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorney's fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,114,833

40.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-39 of this Complaint.

41.     Teva has infringed the '833 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '833 patent.

42.     Claims 1-15 of the '833 patent are directed to GLP-1 formulations.  Claims 16-31 are directed to methods for preparing such formulations or methods of reducing deposits or reducing clogging by replacing the isotonicity agent in a formulation with propylene glycol. Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '833 patent would infringe claims 1-31 of the '833 patent.  In the Second Notice Letter, Teva did not contest its infringement of any claims of the '833 patent, except based upon its contention that those claims are invalid.

43.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '833 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '833 patent expires.

44.     Novo Nordisk has no adequate remedy at law.

45.     Teva was aware of the '833 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,684,969

46.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-45 of this Complaint.

47.     Teva has infringed the '969 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '969 patent.

48.     Claims 1-26 of the '969 patent are directed to an injection device comprising a torsion spring operatively connected to a dose setting member and a rotatably mounted display member.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '969 patent would infringe claims 1-26 of the '969 patent.

49.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '969 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '969 patent expires.

50.     Novo Nordisk has no adequate remedy at law.

51.     Teva was aware of the '969 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,920,383

52.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-51 of this Complaint.

53.     Teva has infringed the '383 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '383 patent.

54.     Claims 1-12 of the '383 patent are directed to a mechanism for preventing setting of a dose which exceeds the amount of a medicament left in a reservoir in an injection device. Claim 13 of the '383 patent is directed to a syringe device employing such a mechanism.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '383 patent would infringe claims 1-13 of the '383 patent.

55.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '383 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '383 patent expires.

56.     Novo Nordisk has no adequate remedy at law.

57.     Teva was aware of the '383 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,108,002

58.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-57 of this Complaint.

59.     Teva has infringed the '002 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '002 patent.

60.     Claims 1-2 of the '002 patent are directed to an injection device with a release member opposite the end of the device where a needle may be mounted.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '002 patent would infringe claims 1-2 of the '002 patent.

61.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '002 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '002 patent expires.

62.     Novo Nordisk has no adequate remedy at law.

63.     Teva was aware of the '002 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,132,239

64.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-63 of this Complaint.

65.     Teva has infringed the '239 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '239 patent.

66.     Claims 1-3 of the '239 patent are directed to a dial-down mechanism for an injection device.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '239 patent would infringe claims 1-3 of the '239 patent.

67.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '239 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '239 patent expires.

68.     Novo Nordisk has no adequate remedy at law.

69.     Teva was aware of the '239 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,457,154

70.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-69 of this Complaint.

71.     Teva has infringed the '154 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '154 patent.

72.     Claims 1-17 of the '154 patent are directed to an injection device comprising a dose delivering mechanism which provides an audible feedback signal to a user at the end of injection of a set dose.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '154 patent would infringe claims 1-17 of the '154 patent.

73.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '154 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '154 patent expires.

74.     Novo Nordisk has no adequate remedy at law.

75.     Teva was aware of the '154 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,616,180

76.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-75 of this Complaint.

77.     Teva has infringed the '180 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '180 patent.

78.     Claims 1-14 of the '180 patent are directed to an injection device with a push button like release member opposite the end of the device where a needle may be mounted.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '180 patent would infringe claims 1-14 of the '180 patent.

79.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '180 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '180 patent expires.

80.     Novo Nordisk has no adequate remedy at law.

81.     Teva was aware of the '180 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,687,611

82.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-81 of this Complaint.

83.     Teva has infringed the '611 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '611 patent.

84.     Claims 1-13 and 15 of the '611 patent are directed to an injection device with a torsion spring operatively connected to a dose setting member and a rotatably mounted display member.  Claim 14 of the '611 patent is directed to an injection pen comprising a torsion spring and a dose indicator barrel having a helical scale.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '611 patent would infringe claims 1-15 of the '611 patent.

85.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '611 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '611 patent expires.

86.     Novo Nordisk has no adequate remedy at law.

87.     Teva was aware of the '611 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,775,953

88.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-87 of this Complaint.

89.     Teva has infringed the '953 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '953 patent.

90.     Claims 1-10 and 12-25 of the '953 patent are directed to a mechanism for preventing setting of a dose which exceeds the amount of a medicament left in a reservoir in an injection device.  Claim 11 of the '953 patent is directed to a syringe device employing such a mechanism.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '953 patent would infringe claims 1-25 of the '953 patent.

91.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '953 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '953 patent expires.

92.     Novo Nordisk has no adequate remedy at law.

93.     Teva was aware of the '953 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,861,757

94.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-93 of this Complaint.

95.     Teva has infringed the '757 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '757 patent.

96.     Claims 1-12 of the '757 patent are directed to an injection device comprising a mechanism which provides a tactile feedback signal to a user at the end of injection of a set dose. Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '757 patent would infringe claims 1-12 of the '757 patent.

97.     Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '757 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '757 patent expires.

98.     Novo Nordisk has no adequate remedy at law.

99.     Teva was aware of the '757 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,968,659

100.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-99 of this Complaint.

101.     Teva has infringed the '659 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '659 patent.

102.     Claims 1-18 of the '659 patent are directed to a method for reducing the development of a major adverse cardiovascular event (MACE) by administering to a patient a therapeutically effective amount of liraglutide.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '659 patent would infringe claims 1-18 of the '659 patent.

103.    Upon information and belief, Teva's sale or offer for sale of Teva's Product within the United States, or importation of Teva's Product into the United States, or commercial marketing of Teva's Product in the United States, during the term of and with knowledge of the '659 patent, would intentionally induce others to use Teva's Product in the United States, thus inducing infringement of claims 1-18 of the '659 patent.

104.    Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '659 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '659 patent expires.

105.    Novo Nordisk has no adequate remedy at law.

106.    Teva was aware of the '659 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,220,155

107.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-106 of this Complaint.

108.    Teva has infringed the '155 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '155 patent.

109.    Claims 1-8 of the '155 patent are directed to a syringe device with a dose limiting mechanism and a safety mechanism structure which prevent ejection of a dose exceeding a set dose.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '155 patent would infringe claims 1-8 of the '155 patent.

110.   Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '155 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '155 patent expires.

111.   Novo Nordisk has no adequate remedy at law.

112.   Teva was aware of the '155 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,357,616

113.   Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-112 of this Complaint.

114.   Teva has infringed the '616 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '616 patent.

115.   Claims 1-9 of the '616 patent are directed to an injection device comprising a mechanism which provides an audible feedback signal to a user at the end of injection of a set dose.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '616 patent would infringe claims 1-9 of the '616 patent.

116.   Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '616 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '616 patent expires.

117.   Novo Nordisk has no adequate remedy at law.

118.   Teva was aware of the '616 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,376,652**

119.   Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-118 of this Complaint.

120.   Teva has infringed the '652 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '652 patent.

121.   Claims 1-15 of the '652 patent are directed to an injection device with a release member opposite the end of the device where a needle may be mounted, and a display member. Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '652 patent would infringe claims 1-15 of the '652 patent.

122.   Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '652 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '652 patent expires.

123.   Novo Nordisk has no adequate remedy at law.

124.   Teva was aware of the '652 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 11,097,063

125.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-124 of this Complaint.

126.    Teva has infringed the '063 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '063 patent.

127.    Claims 1-7 of the '063 patent are directed to a syringe device with a dose limiting mechanism and a safety mechanism structure which prevent ejection of a dose exceeding a set dose.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '063 patent would infringe claims 1-7 of the '063 patent.

128.    Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '063 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '063 patent expires.

129.    Novo Nordisk has no adequate remedy at law.

130.    Teva was aware of the '063 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. RE46,363

131.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-130 of this Complaint.

132.    Teva has infringed the '363 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Teva's ANDA, by which Teva seeks approval from the FDA to manufacture, use, offer to sell, and sell Teva's Product prior to the expiration of the '363 patent.

133.    Claims 1-8 of the '363 patent are directed to a dial-down mechanism for an injection device.  Claims 9 and 10 of the '363 patent are directed to a medication delivery device comprising such a dial-down mechanism.  Claim 11 of the '363 patent is directed to a method for using a wind up injection pen.  Teva's manufacture, use, offer for sale or sale of Teva's Product within the United States, or importation of Teva's Product into the United States, during the term of the '363 patent would infringe claims 1-11 of the '363 patent.

134.    Upon information and belief, Teva's sale or offer for sale of Teva's Product within the United States, or importation of Teva's Product into the United States, or commercial marketing of Teva's Product in the United States, during the term of and with knowledge of the '363 patent, would intentionally induce others to use Teva's Product in the United States, thus inducing infringement of claim 11 of the '363 patent.

135.    Novo Nordisk will be harmed substantially and irreparably if Teva is not enjoined from infringing the '363 patent and/or if the FDA is not enjoined from approving Teva's ANDA before the '363 patent expires.

136.    Novo Nordisk has no adequate remedy at law.

137.    Teva was aware of the '363 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Novo Nordisk prays for a judgment in its favor and against Teva and respectfully requests the following relief:

A.      A judgment that Teva has infringed the '994 patent;

B.      A judgment that Teva has infringed the '833 patent;

C.      A judgment that Teva has infringed the '969 patent;

D.      A judgment that Teva has infringed the '383 patent;

E.      A judgment that Teva has infringed the '002 patent;

F.      A judgment that Teva has infringed the '239 patent;

G.      A judgment that Teva has infringed the '154 patent;

H.      A judgment that Teva has infringed the '180 patent;

I.      A judgment that Teva has infringed the '611 patent;

J.      A judgment that Teva has infringed the '953 patent;

K.      A judgment that Teva has infringed the '757 patent;

L.      A judgment that Teva has infringed the '659 patent;

M.      A judgment that Teva has infringed the '155 patent;

N.      A judgment that Teva has infringed the '616 patent;

O.      A judgment that Teva has infringed the '652 patent;

P.      A judgment that Teva has infringed the '063 patent;

Q.      A judgment that Teva has infringed the '363 patent;

R.      A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Teva's ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the '994, '833, '969, '383, '002,

'239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, and '363 patents, including any extensions, adjustments, and exclusivities;

S.      A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Teva, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Teva's Product within the United States, or importing Teva's Product into the United States, prior to the expiration of the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, and '363 patents, including any extensions, adjustments, and exclusivities;

T.      If Teva commercially manufactures, uses, offers to sell, or sells Teva's Product within the United States, or imports Teva's Product into the United States, prior to the expiration of the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, and '363 patents, including any extensions, adjustments, and exclusivities, a judgment awarding Novo Nordisk monetary relief, together with interest;

U.      An award of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

V.      An award of costs and expenses in this action; and

W.      Such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Novo Nordisk Inc. and*
*Novo Nordisk A/S*

OF COUNSEL:

Jeffrey J. Oelke
Ryan P. Johnson
Robert E. Counihan
Laura T. Moran
So Yeon Choe
Erica Sutter
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010-6035
(212) 430-2600

December 21, 2021